McFarland, J.,
delivered the opinion of the court:
This is a bill to administer the estate of O. G. Richardson, deceased, as an insolvent estate. Certain creditors of a firm of which 0. G. Richardson was a partner, filed claims, which were rejected, but a writ of error coram nobis was sued out by the creditors. The chancellor refused a motion to dismiss this writ, retaining it for future consideration. But as individual debts had been reported and allowed sufficient to absorb the entire assets, the court holding that the individual creditors had a prior right to satisfaction out of the individual estate, ordered the distribution to proceed, notwithstanding the pendency of the unadjudi-cated claims of the firm creditors. This order has been superseded, by the fiat of a judge of this court, and the motion now is to discharge the supersedeas upon the ground that the holding of the chancellor, as to the prior right of the individual creditors, is clearly correct, and the order to distribute the fund among them was proper, no matter whether the claims of the firm be finally adjudicated or not. When a cause is pending in this court by writ of error and supersedeas, we have held that generally we will not discharge the supersedeas on motion, upon the ground that there is no error in the decree sought to be reversed; that this would be determining the entire case upon, the ■motion. The question whether there be error in the decree comes upon the hearing of the cause. But we think it is different where a supersedeas merely has been granted or is pending without writ of error. In such case, if improperly granted, it may be discharged by the court. Although a writ of error was granted in this case, we think it should be dismissed. There was certainly no such final decree against the petitioners as to allow them to prosecute a writ of error. The writ of error being dismissed, the su-persedeas alone remains. Taking it, then, as a case of super-sedeas, without writ of error, should the supersedeas be dis *278 charged? If tbe decree of tbe chancellor bolding that "tbe individual creditors were entitled to priority, and ordering the fund distributed to them, was erroneous, then it was properly superseded, otherwise the petitioners would lose their share of the fund before they could obtain a ■final hearing, and it would be proper to supersede the order until the petitioner’s claims were adjudicated, and they could bring up the case to have the decree of the chancellor corrected, but if the chancellor’s decree was correct, then the supersedeas should not have been granted and should now be discharged.
The petition for writ of error and supersedeas does not assign any error in the action of the court in allowing the claims of tire individual creditors, but assigns as error tbe action of tbe court in allowing the fund to be distributed to the individual creditors before passing upon tbe claims of the firm creditors. If there was no error in adjudging the validity of the claims of the individual creditors, and they were entitled to priority, then there could be no error in the action of tbe court, as the film creditors could not be injured by it.
This court held, at the April term, 1872, in the case of the Jackson Insurance Co. v. H. A. Partee et al. [since reported in 9 Heis., 296], that individual creditors were entitled to priority over firm creditors in the distribution of the individual estate, following the case of Pennington v. Bell, 4 Sneed, 202, and many other authorities. "Without overruling this authority we could not reverse the decree of the chancellor, as the petition for supersedeas assigns no error; his decree, therefore, should hot longer remain superseded.
Let the writ of error and supersedeas be dismissed.